UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PEOPLE FOR THE AMERICAN WAY
FOUNDATION,

　Plaintiff,

　　v.

UNITED STATES DEPARTMENT OF
EDUCATION,

　Defendant.

Civil Action No. 05-751 (CKK)

MEMORANDUM OPINION
(October 29, 2007)

On September 26, 2007, the Court ordered Defendant United States Department of

Education ("DOED") to release certain documents sought by Plaintiff People for the American

Way Foundation ("PFAWF") under the Freedom of Information Act ("FOIA").  The DOED now

seeks a stay of that Order pending appeal.  PFAWF does not oppose the stay, but asks the Court

to condition it to prevent unnecessary delay.  After reviewing the Parties's submissions, history

of the case, relevant case law and statutory authority, the Court shall GRANT Defendant's [36]

Motion for a Partial Stay of the Court's September 26, 2007 Order, subject to the limits and

conditions set forth below.

I.  BACKGROUND

PFAWF filed the instant FOIA action seeking documents related to a federally-funded

school voucher program in the District of Columbia.  *See People for the Am. Way Found. v.

Dep't of Educ.*, Civ. A. No. 05-751, 2007 U.S. Dist. LEXIS 70894 at *1 (D.D.C. Sep. 26, 2007).

Congress created the program on January 23, 2004, "to provide low-income parents residing in

the District of Columbia . . . with expanded opportunities for enrolling their children in higher-

performing schools in the District of Columbia."  Public Law No. 108-99, the Consolidated

Appropriations Act of 2004, Div. C, Title III, § 302(7).  PFAWF characterizes the program as "a

highly controversial, federally-funded pilot voucher program . . . under which public monies are

used to pay for low-income children to attend religious and other private schools."  Pl.'s Resp. at

3-4.  PFAWF claims that timely access to the documents at issue are essential not only because

"voucher advocates have repeatedly sought [the program's] expansion and extension in

Congress," but also because the documents are "vital to the ongoing debate over these issues, not

only as it pertains to this program but also to efforts by voucher proponents to enact federally-

funded voucher programs nation-wide."  *Id.* at 4.

On September 26, 2007, the Court ordered the DOED to release certain categories of

documents associated with the program no later than October 19, 2007, and to provide a new

*Vaughn* index with respect to a smaller subset of documents by November 16, 2007.  *See People*

*for the Am. Way Found.*, 2007 U.S. Dist. LEXIS 70894 at *35-*37.  The DOED seeks a stay of

that Order in the instant [36] Motion for a Partial Stay, filed on October 4, 2007.  *See* Fed. R.

Civ. P. 62(c) ("the court in its discretion may suspend, modify, restore, or grant an injunction

during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper

for the security of the rights of the adverse party").  The DOED argues that the Court-imposed

deadline of October 19, 2007, for release of the documents "does not afford sufficient time for

the government to determine whether an appeal will be taken . . . Therefore, [the DEOD's]

argument on the merits would become moot even before it could appeal the decision."  Def.'s

Mot. at 2.  PFAWF filed a [37] Response on October 15, 2007, agreeing that a stay is necessary

to prevent the DOED from losing "its ordinary right to appeal," but asking the Court to impose

three conditions on the DOED:

> (1)     The DOED must disclose the documents by November 26,
>         2007, unless it has filed a notice of appeal by that date;
>
> (2)     If the DOED notices an appeal, the DOED must petition the
>         Court of Appeals for expedited consideration of the appeal
>         within ten days of that filing; and
>
> (3)     Regardless of whether expedited consideration of the
>         appeal is granted, the DOED must not seek any extensions
>         of the briefing schedule on appeal.

*See* Pl.'s Resp. at 1-2.  On October 18, 2007, the DOED filed a [38] Reply suggesting that all of

PFAWF's proposed conditions were unreasonable.  Def.'s Reply at 1-2.

## II.  LEGAL STANDARD

A Party who moves for a stay pending appeal bears the burden of showing the balance of

four factors weigh in favor of the stay: (1) the likelihood that it will prevail on the merits of the

appeal; (2) the likelihood that it will be irreparably harmed absent a stay; (3) the prospect that

others will be harmed if the court grants the stay; and (4) the public interest in granting a stay.

*Cuomo v. United States Nuclear Regulatory Comm'n*, 772 F.2d 972, 974 (D.C. Cir. 1985).  A

party does not necessarily have to make a strong showing with respect to the first factor

(likelihood of success on the merits) if a strong showing is made as to the second factor

(likelihood of irreparable harm).  *Id.* ("[p]robability of success is inversely proportional to the

degree of irreparable injury evidenced.  A stay may be granted with either a high probability of

success and some injury, or *vice versa*").  Ultimately, a court must weigh the factors depending

on the circumstances of the particular case.  *See, e.g.*, *Ctr. for Int'l Envtl. Law v. Office of the*

*United States Trade Representative*, 240 F. Supp. 2d 21, 23 (D.D.C. 2003) ("The remaining two

factors – potential harm to plaintiffs and other individuals or to the public interest if a stay is

granted – argue against a stay but ultimately do not outweigh defendants' showing of a

substantial case on the merits and irreparable harm from disclosure").

III.  DISCUSSION

The Parties in the instant proceeding agree that a stay is necessary to avoid irreparable

injury to the DOED by having to release documents prior to having the opportunity to seek

meaningful appellate review.  Particularly in the FOIA context, courts have routinely issued stays

where the release of documents would moot a defendant's right to appeal.  *See, e.g.*, *John Doe*

*Agency, et al. v. John Doe Corp.*, 488 U.S. 1306, 1308-09 (1989) (Marshall, J., in chambers)

(issuing stay in FOIA action and observing that disclosure of documents would moot defendant's

ability to appeal, thereby resulting in irreparable injury); *Providence Journal Co. v. Fed. Bureau*

*of Investigation*, 595 F.2d 889, 890 (1st Cir. 1979) (issuing stay in FOIA action because

"Appellants' right of appeal here will become moot unless the stay is continued pending

determination of the appeals.  Once the documents are surrendered pursuant to the lower court's

order, confidentiality will be lost for all time."); *Center for Int'l Envtl. Law*, 240 F. Supp. 2d at

22 (D.D.C. 2003) (issuing limited stay in FOIA action "because disclosure of the documents in

question will render any appeal moot").  Consistent with the cases identified above, and

particularly where, as here, the Parties agree that disclosure of the documents would deny the

DOED its "ordinary right to appeal," Pl.'s Resp. at 1, the Court finds that a failure to grant a stay

in the instant case would cause irreparable harm to the DOED.

Given that both Parties agree that a stay is warranted, and given the Court's finding that

the DOED would suffer irreparable harm in the absence of a stay, the Court also finds that these considerations outweigh any countervailing interests.  The Court recognizes that the public has a strong interest in the prompt release of these documents, as they concern "a highly controversial, federally-funded pilot voucher program" subject to "ongoing debate."  Pl.'s Resp. at 3-4.  The Court also recognizes PFAWF suffers some harm from the stay, as it has been "more than three years since PFAWF submitted its first [FOIA] requests for documents."  *Id.* at 1.  These countervailing considerations convince the Court that it should issue a stay with certain limits and conditions that ensure the stay is not unnecessarily lengthy.  *See Ctr. for Int'l Envtl. Law*, 240 F. Sup. 2d at 23 n.1 ("[i]nsofar as the Court's decision to grant a stay pursuant to Rule 62(c) is entirely discretionary, it follows that the Court has discretion to impose conditions upon any such stay").  PFAWF has suggested three conditions that the Court shall address in turn.

First, PFAWF asks the Court to require the DOED to "disclose the documents by November 26, 2007, unless it has filed a notice of appeal by that date."  Pl.'s Resp. at 2.  The DOED objects to this condition as "an unreasonable request in light of the Thanksgiving holiday."  Def.'s Reply at 1.  The Court notes that the DOED itself had proposed November 26, 2007, as the date by which it would have had "adequate time to consider whether to take an interlocutory appeal from [the Court's] order."  *Id.* at 5.  The DOED argues that despite its ability to decide whether to appeal by November 26, collecting documents by that date will force "agency employees . . . to work through the weekend [after Thanksgiving] to produce the documents."  *Id.* at 1-2.  The Court shall require the DOED to file an appeal by November 26, 2007 (as the DOED requests).  If no appeal is noticed by that date, the DOED shall release the documents no later than November 30, 2007.  In this way, agency employees will all be able to

enjoy the weekend immediately following Thanksgiving without having a heightened concern for the obligations of the instant proceedings.

Second, PFAWF asks the Court to require the DOED, if it chooses to file an appeal, to "petition the Court of Appeals for expedited consideration of the appeal within ten days of that filing." Pl.'s Resp. at 2. The DOED characterizes this condition as "unreasonable." Def.'s Reply at 2. The Court finds this request to be exceedingly reasonable. The Court is issuing a stay despite its previous determination that the documents at issue have been improperly withheld, and its current recognition of the ongoing detriment to both PFAWF and the public. Although these considerations do not outweigh the irreparable harm that would be caused by the absence of a stay, these considerations will nonetheless persist throughout the duration of the stay. Under these circumstances, requiring the DOED to seek an expedited appeal is appropriate. *See, e.g., Ctr. for Int'l Envtl. Law,* 240 F. Supp. 2d at 24 ("in order to prevent unreasonable delay and to minimize the risk that the documents sought will be useless to plaintiffs by the time they are obtained, the Court will grant the requested stay only for a limited time and on the condition that defendants seek expedited consideration from the court of appeals").[1]

Third, PFWAF asks the Court to prohibit the DOED from seeking "any extensions of the briefing schedule on appeal." Pl.'s Resp. at 2. Defendant characterizes this condition as "unreasonable" based on "the possibility of unforeseen extraordinary circumstances." Def.'s Reply at 2. While the Court's expectation is that the Parties will present their issues to the Court of Appeals as expeditiously as possible (should the DOED notice an appeal), the Court is

---

[1] Although the DOED argues that "[t]here is nothing to prevent [PFAWF] from seeking an expedited appeal," Def.'s Reply at 2, the DOED should make the request because it is the party seeking the appeal and the Party that is further delaying the release of the documents.

sensitive to the DOED's concerns regarding unforeseen extraordinary circumstances.

Accordingly, the Court shall *not* prohibit the DOED from seeking extensions in the Court of

Appeals, but *shall* require that any such extension include the representation that it is based on an

"unforeseen extraordinary circumstance," and include a description of the same.

## IV.  CONCLUSION

For the reasons set forth above, the Court shall GRANT Defendant's [36] Motion for a

Partial Stay subject to the following limits and conditions.  The Court's September 26, 2007

Order shall be stayed as it relates to Defendant's release of documents by October 19, 2007.  If

the DOED does not notice an appeal by November 26, 2007, the stay shall expire on November

30, 2007, the date the DOED shall be required to release the documents at issue.  If the DOED

notices an appeal by November 26, 2007, the stay shall remain in effect until the Court of

Appeals rules on the DOED's appeal.  Within ten days of filing an appeal, the DOED shall

petition the Court of Appeals for expedited consideration.  After filing an appeal, the DOED

shall not seek an extension unless it is based on an "unforeseen extraordinary circumstance," and

any such extension shall include a representation and description of the same.


Date:   October 29, 2007


                                                      _/s/_____
                                                      COLLEEN KOLLAR-KOTELLY
                                                      United States District Judge